UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-2001-B |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, | § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Blue Cross and Blue Shield of Texas, a Division of Health Care Service Corporation ("BCBSTX")'s Motion to Transfer Venue (Doc. 7) and Motion to Dismiss (Doc. 10). For the reasons set forth below, the Court **DENIES** the Motion to Transfer and **GRANTS** the Motion to Dismiss. The Court **DISMISSES** Plaintiff Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics ("Genesis")'s quantum meruit claim **WITH PREJUDICE**. Genesis's account stated and breach of contract claims are **DISMISSED WITHOUT PREJUDICE**.

I.

BACKGROUND

This is an insurance reimbursement dispute. Genesis provides medical testing services for patients. Doc. 1-2, Pet., ¶¶ 5.1–5.2. Genesis typically bills its services to patients or their insurers. *Id.* ¶ 5.2. BCBSTX is a health insurer. *Id.* ¶ 3.3. Genesis provided its testing services to BCBSTX's members between January 2016 and October 2017. *Id.* ¶ 5.4. Patients' medical service providers forwarded requests for testing services to Genesis. *Id.* ¶ 5.5. Genesis was an out-of-network provider.

-1-

*Id.* ¶ 5.6. But the service requests contained assignments of benefits, which obligated BCBSTX to pay Genesis for the services it performed on BCBSTX's members. *Id.* ¶¶ 5.5–5.6.

Genesis submitted timely claims for payment to BCBSTX. *Id.* ¶ 5.6. But BCBSTX either did not pay them or paid too little. *Id.* ¶¶ 5.6, 6.3(c). BCBSTX never provided written notice that it was denying Genesis's claims. *Id.* ¶ 2.2. Genesis initiated an arbitration proceeding against BCBSTX in September 2022 based on three ancillary provider agreements that the parties entered regarding both in- and out-of-network claims. *Id.* ¶¶ 5.8–5.9. In 2023, Genesis's out-of-network claims were severed from the arbitration proceeding. *Id.* ¶ 5.9. Thus, Genesis filed a separate lawsuit.

Genesis first sued in Harris County state court. *See Abira Med. Lab'ys, LLC v. Blue Cross & Blue Shield of Tex.*, No. 2023-88158. BCBSTX removed the case to the Southern District of Texas and filed a Motion to Dismiss. There, a United States Magistrate Judge recommended dismissing the case with prejudice because the court concluded the statute of limitations had run. *Abira Med. Lab'ys, LLC v. Blue Cross & Blue Shield of Tex.*, No. 4:24-CV-481, 2024 WL 5269202, at *5–*6 (S.D. Tex. May 17, 2024). Before the district court could rule on the Magistrate Judge's recommendation, Genesis voluntarily dismissed the case without prejudice. Doc. 1, Notice Removal, 2.

Genesis then sued in Dallas County state court on June 28, 2024, again bringing claims for account stated, breach of contract, and quantum meruit. *See* Doc. 1-2, Pet., ¶¶ 6.1–6.3. BCBSTX removed the case to this Court. Doc. 1, Notice Removal. BCBSTX filed a Motion to Transfer the case back to the Southern District of Texas. Doc. 7, Mot. Transfer, 2. BCBSTX also moves to dismiss each of Genesis's claims. Doc. 10, Mot. Dismiss, 4. The Court considers both Motions below.

## II.

## LEGAL STANDARDS

*A. Motion to Transfer*

A district court may transfer a civil action to another district or division if (1) the plaintiff could have brought that action there originally and (2) the transfer would be "[f]or the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The movant bears the burden of proving both elements. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, No. 3:07-CV-1291-B, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007) (Boyle, J.).

*B. Motion to Dismiss for Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotations omitted).

## III.

## ANALYSIS

BCBSTX's Motion to Transfer Venue is **DENIED** because BCBSTX failed to show that transferring the case would further the convenience of the parties or be in the interest of justice. BCBSTX's Motion to Dismiss is **GRANTED**. Genesis's quantum meruit claim is **DISMISSED WITH PREJUDICE** and its account stated and breach of contract claims are **DISMISSED WITHOUT PREJUDICE**.

A.   *BCBSTX's Motion to Transfer Venue Is Denied.*

The Court denies BCBSTX's Motion to Transfer Venue because it failed to show that transferring the case back to the Southern District would be for the convenience of the parties and in the interest of justice. A court may transfer a civil action to another district or division if the party seeking the transfer proves that (1) the plaintiff could have brought that action there originally and (2) the transfer would be "[f]or the convenience of parties and witnesses, and in the interest of justice . . . ." 28 U.S.C. § 1404(a). The parties do not dispute that the case could have been brought in the Southern District of Texas. But because BCBSTX failed to show that transferring furthers convenience and justice, its Motion to Transfer is denied.

To demonstrate that transfer would be for "the convenience of parties and witnesses, and in the interest of justice" under 28 U.S.C. § 1404(a), a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315. Good cause is a high bar. *See In re Chamber of Com. of U.S.*, 105 F.4th 297, 304 (5th Cir. 2024). "[T]o establish 'good cause,' a movant must show (1) that the marginal gain in convenience will be significant, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will actually materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (emphasis omitted).

To determine "whether the movant has 'clearly demonstrated' good cause, courts must consider four private-interest factors and four public-interest factors." *In re Chamber of Com.*, 105 F.4th at 304. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quotation omitted). And the public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

BCBSTX has failed to clearly demonstrate that good cause exists to transfer this case to the Southern District of Texas. 28 U.S.C. § 1404(a). BCBSTX entirely failed to discuss the factors that the Court must consider when determining whether to transfer the case. Instead, BCBSTX argues that Genesis engaged in impermissible forum shopping and now "attempt[s] to require . . . this Court to sift through the same complaint and address the same legal issues that another judge had

decided only weeks earlier." Doc. 8, Def.'s Br., 9 (quotations and alterations omitted). Therefore, BCBSTX argues that the interest of justice favors transferring the case. *Id.* at 3. But the fact that the Southern District may have "some familiarity with a case does not have a strong effect on how any factor should be weighed." *In re Chamber of Com.*, 105 F.4th at 310. And a plaintiff may dismiss a case without prejudice and later refile when, as in the Southern District case, a defendant has not yet answered. FED. R. CIV. P. 41(a)(1)(A). Furthermore, as the master of its complaint, a plaintiff is "permitted to engage in a certain amount of forum shopping." *Id.* at 302. Because BCBSTX failed to discuss the relevant factors, it did not show good cause. Accordingly, its Motion to Transfer is denied.

B.  *BCBSTX's Motion to Dismiss Is Granted.*

The Court **GRANTS** BCBSTX's Motion to Dismiss. Genesis failed to state a claim for breach of contract or account stated, so the Court **DISMISSES** those claims without prejudice. And because the statute of limitations on Genesis's quantum meruit claim has expired, that claim is **DISMISSED** with prejudice.

    1.    <u>Genesis Failed to State a Breach of Contract Claim.</u>

Genesis failed to state a breach of contract claim because it lacks standing. And even if Genesis had standing, it failed to sufficiently allege each element of the claim.

        *i.*    *Genesis does not allege that it has standing to assert a breach of contract claim*

Genesis does not sufficiently allege that it has standing to assert a breach of contract claim against BCBSTX. Standing requires a plaintiff to have suffered an injury in fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Under Texas law, 'a person who is neither a signatory to nor an intended third-party beneficiary of a contract has no standing to sue for breach of that contract.'"

*Seastrunk v. Darwell Integrated Tech., Inc.*, No. CIV.A.3:05CV0531-G, 2005 WL 1667811, at *4 (N.D. Tex. July 15, 2005) (Fish, C.J.) (quoting *Miller v. Schwartz*, No. 14-04-00352-CV, 2005 WL 757249, at *2 (Tex. App.-Houston [14th Dist.] Apr. 5, 2005). But an assignment of benefits can give an assignee standing to sue on an assignor's behalf. *See id.* Because Genesis failed to sufficiently allege that BCBSTX's members assigned their benefits to Genesis, it failed to allege it has standing.

Genesis fails to allege standing because it provides no details on the alleged assignment of benefits. Genesis alleges that its laboratory testing services "were solicited from [BCBSTX] via requisitions for services," and "[t]hose requisitions contained assignments of benefits, which . . . create[ed] contractual obligations" for BCBSTX to pay for the services that Genesis provided. Doc. 1-2, Pet., ¶ 5.5. But Genesis does not allege that these assignments of benefits were ever executed or for how many patients it received assignments. It alleges no details about the assignments other than noting there was an assignment of an unknown number of patients' benefits for an unknown number of claims, with unknown terms, and for an unknown amount. *See* Doc. 1-2, Pet., ¶¶ 5.5, 6.2(b); *see also Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, No. CV H-11-2745, 2017 WL 1710567, at *8 (S.D. Tex. May 3, 2017) ("[Plaintiff] cannot simply allege that it has received an unspecified number of assignments from unspecified persons under unspecified insurance contracts."); *cf. Encompass Off. Sols., Inc. v. Conn. Gen. Life Ins. Co.*, No. 3:11-CV-02487-L, 2012 WL 3030376, at *1, *4 (N.D. Tex. July 25, 2012) (Lindsay, J.). In *Encompass*, the court found that a plaintiff alleged it had standing to assert assignors' claims. *Id.* at *4. There, plaintiff alleged that it had executed assignments from each patient on behalf of whom plaintiff asserted claims and that it "obtained written assignments from all of Defendants' insureds." *Id.* And plaintiff attached a copy

of the assignment form signed by each beneficiary, providing the terms of the assignment to the court. *Id.* Here, Genesis provides no such details.

Genesis recognizes that an "assignment from a Defendant['s] insured . . . to a medical provider is necessary so that the provider can have standing to pursue its claims." Doc. 32, Pl.'s Resp., 17. But it alleges no facts about the assignment sufficient to allege standing. Instead, it seeks over $7 million for claims without facts that support its standing to assert those claims. While Genesis is not required to allege every assignment, "it must identify the persons from whom it received assignments" and "make plausible allegations about who assigned rights under what insurance policy." *Electrostim*, 2017 WL 1710567, at *8. It did not do so.

   ii. *Genesis failed to allege the elements of its breach of contract claim*

Genesis also failed to state a claim for breach of contract. Under Texas law, the elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quotations omitted). And to show that a valid contract existed, "the plaintiff must show: '(1) an offer was made; (2) the other party accepted . . . ; (3) the parties had a meeting of the minds . . . ; (4) each party consented . . . ; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding.'" *Box v. PetroTel, Inc.*, 33 F.4th 195, 202 (5th Cir. 2022) (alterations in original) (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018)).

Genesis does not allege that a valid contract existed. It alleges that its services were solicited through requisitions—i.e., requests for services—which "contained assignments of benefits" that

"creat[ed] contractual obligations" for BCBSTX to pay for Genesis's services. Doc. 1-2, Pet., ¶ 5.5. It further alleges that it provided services to BCBSTX's members "with the expectation of being compensated by [BCBSTX] pursuant to [BCBSTX's] agreements with its members/subscribers." *Id.* ¶ 5.6. But Genesis "fail[s] to specify what parties entered into what contracts, whether they were valid contracts, [and] what the key terms of each were." *See Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003–04 (S.D. Tex. 2011) (collecting cases dismissing contract claims for similarly failing to specifically allege a breach of contract claim). These "conclusory allegations fail to provide [BCBSTX] with sufficient notice as to why [Genesis] is entitled to relief." *Infectious Disease Drs., P.A. v. Bluecross Blueshield of Tex.*, No. 3:13-CV-2920-L, 2014 WL 4262164, at *3 (N.D. Tex. Aug. 29, 2014) (Lindsay, J.). By failing to allege any policy terms, Genesis has failed to allege that BCBSTX needed to pay for services.

Neither did Genesis sufficiently allege that any contract was breached. "Each patient's assigned claim is an individual breach of contract." *Electrostim*, 2017 WL 1710567, at *8. But Genesis merely alleges that there were "thousands" of breaches. Doc. 1-2, Pet., ¶ 5.8. While Genesis is not required to allege every instance of breach, it "must provide a sufficient number of exemplar policies and policy terms it claims [were] breached, . . . facts explaining why the policies are representative," and specify which policy terms were breached. *Electrostim*, 2017 WL 1710567, at *8. Genesis claims that it "timely tendered thousands of claims to [BCBSTX] for payment of services," yet BCBSTX "failed to pay" for them. Doc. 1-2, Pet., ¶¶ 5.4, 5.6. It claims BCBSTX lost the claims in the "shuffle of the thousands of claims submitted for review." *Id.* ¶ 5.8. And it alleges that BCBSTX "deprived Genesis of millions of dollars to which it is rightfully entitled." *Id.* ¶ 5.10. But Genesis does not allege when the claims were made, how many patients submitted them, what the relevant policies

were, or which terms were breached. Accordingly, Genesis's breach of contract claim is dismissed without prejudice.

    2.    <u>Genesis Failed to State a Claim for Account Stated.</u>

Genesis failed to state a plausible claim for account stated. To state a claim for account stated, Genesis must allege: (1) its transactions with BCBSTX "gave rise to the indebtedness; (2) an agreement, express or implied, between [BCBSTX] and [Genesis] that fixed the amount due; and (3) [BCBSTX] made an express or implied promise to pay the indebtedness." *Walker v. Citibank, N.A.*, 458 S.W.3d 689, 692 (Tex. App.-Eastland 2015, no pet.). Genesis alleges that BCBSTX owes Genesis $7,259,645. Doc. 1-2, Pet., ¶ 6.1(d). And it argues that because BCBSTX members assigned their benefits under the plan, they provided all necessary information for BCBSTX to pay the claims, yet BCBSTX refused to pay. Doc. 32, Pl.'s Resp., 15. But it does not allege that Genesis and BCBSTX made an express or implied agreement that fixed the amount due. *See Walker*, 458 S.W.3d at 692. And by alleging that BCBSTX "failed] to pay, or underpa[id]" its claims, Doc. 1-2, Pet., ¶ 6.1(c), Genesis "contradicts any assertion that [BCBSTX] 'agreed' to the amount Genesis alleges it is entitled to." *See Abira Med. Lab'ys, LLC v. Boon Grp., Inc.*, No. 1:24-CV-00589-DAE, 2024 WL 5036666, at *4 (W.D. Tex. Oct. 18, 2024). Because Genesis fails to allege any agreement between the parties fixing the amount due, its claim fails and is dismissed without prejudice.

    3.    <u>Only Genesis's Quantum Meruit Claim Is Time-Barred.</u>

The Court finds the statute of limitations has run on Genesis's quantum meruit claim, but it cannot say at this stage that the limitations period has run on the other claims. A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling. *Taylor v. Bailey Tool Mfg.*,

744 F.3d 944, 946 (5th Cir. 2014). State law determines the statute of limitations in diversity cases. *See Tex. Soil Recycling, Inc. v. Intercargo Ins.*, 273 F.3d 644, 649 (5th Cir. 2001). The statute of limitations is the same for breach of contract, quantum meruit, and account state claims: four years. TEX. CIV. PRAC. & REM. CODE §§ 16.004(a), 16.051. "Under Texas law, the question of when a cause of action accrues is a matter of law for the court to decide." *TIG Ins. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008). In general, a cause of action accrues "when facts come into existence that authorize a claimant to seek a judicial remedy." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998). The cause of action accrues at the time of a legal injury "even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).

A motion to dismiss based on a statute of limitations should not be granted in the absence of information that "conclusively establish[es]" a plaintiff's claim is time-barred. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 255–56 (5th Cir. 2021). The burden of proof for a statute of limitations affirmative defense is on the party pleading it. *See id.* at 254; *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004).

      *i.    Genesis's quantum meruit claim is time-barred*

The statute of limitations on Genesis's quantum meruit claim has run. A quantum meruit claim accrues on the last date when the services at issue were provided. *See Quigley v. Bennett*, 256 S.W.3d 356, 361 (Tex. App.-San Antonio 2008, no pet.). The parties agree that the last date when Genesis provided services to BCBSTX was the end of October 2017. *See* Doc. 1-2, Pet., ¶ 5.4; Doc. 11, Def.'s Br. Mot. Dismiss, 1. Thus, Genesis's quantum meruit claim accrued in October 2017, so

Genesis had to sue by October 2021. Because it did not file until June 2024, Genesis's quantum meruit claim is time-barred.

Genesis alleges that its claim did not accrue until BCBSTX provided written notice of its denial, which BCBSTX only provided during a 2023 arbitration. Doc. 1-2, Pet., ¶ 4.5. While an insurance cause of action generally does not accrue until an "insurer denies [a] claim under [a] policy," this rule does not apply to Genesis's quantum meruit claim because it is not an insurance cause of action. *Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 470 (Tex. App.-Dallas 2002, pet. denied). Quantum meruit is its own cause of action with its own accrual rules. *See, e.g., W. Power, Inc. v. TransAmerican Power Prods., Inc.*, 316 F. Supp. 3d 979, 987–88 (S.D. Tex. 2018). Genesis's quantum meruit claim did not accrue when BCBSTX provided notice that it would not pay for the services, because it accrued on the last date Genesis provided service. *See Quigley*, 256 S.W.3d at 361.

Genesis further argues that the discovery rule delays the accrual date to 2023, when Genesis learned that BCBSTX denied its claims. Doc. 1-2, Pet., ¶ 4.5. But the discovery rule does not apply here because the claim could have been discovered through reasonable diligence. The discovery rule is "a very limited exception to statutes of limitations, which defers the accrual of the cause of action until the injury was or could have reasonably been discovered." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929–30 (Tex. 2011) (quotations omitted). It "applies only when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Id.* at 930 (quotation omitted). The discovery rule applies categorically, meaning that it only applies if the type of injury at issue is inherently undiscoverable through reasonable diligence. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 358 (Tex. 2006). The party asserting a statute of limitations defense "must negate the discovery rule as a matter of law" at the motion to dismiss stage. *Hilberg v. S. Methodist Univ.*, No. 3:23-CV-02177-

L, 2024 WL 4451756, at *5 (N.D. Tex. Aug. 9, 2024) (Rutherford, M.J.), *report and recommendation adopted*, No. 3:23-CV-2177-L, 2024 WL 4224952 (N.D. Tex. Sept. 18, 2024) (Lindsay, J.).

Genesis's harm was not undiscoverable, so the discovery rule does not apply. Genesis alleges that it was harmed when BCBSTX received the benefit of Genesis's services expecting to be compensated, and BCBSTX did not fully pay. Doc. 1-2, Pet., ¶¶ 6.3(c)–(d). When a service provider gives compensable services to a beneficiary who fails to pay them, the provider's harm is not the type of injury that is undiscoverable. See *Via Net*, 211 S.W.3d at 358. The provider knows it provides services for a fee, so a resulting harm of non-payment is discoverable. *See* Doc. 1-2, Pet., ¶¶ 6.3(c)–(d) (noting BCBSTX did not pay or paid too little for Genesis's services, which Genesis "did not provide . . . gratuitously"); *see also Shell Oil*, 356 S.W.3d at 930 (declining to apply the discovery rule because plaintiffs "could have timely discovered the underpayments through the exercise of due diligence"). Genesis's quantum meruit claim accrued on the last date of its services to BCBSTX, so the claim is time-barred. The Court dismisses it with prejudice.

    ii. *Genesis's account stated claim is not time-barred*

BCBSTX failed to meet its burden to show that Genesis's account stated claim is time-barred. An account stated claim accrues "on the day that the dealings in which the parties were interested together cease." *Torshare LTD. v. iGlo, LLC*, No. 4:22-CV-00482-BP, 2023 WL 4485919, at *4 (N.D. Tex. July 11, 2023) (Ray, M.J.) (quoting TEX. CIV. PRAC. & REM. CODE § 16.004(c)). The last date of payment is indicative, but not determinative, of when the parties' dealings together cease. *See, e.g., Marshall v. Crown Asset Mgmt., LLC*, No. 13-17-00115-CV, 2017 WL 6379830, at *3 (Tex. App.-Corpus Christi-Edinburg Dec. 14, 2017, no pet.) (finding a plaintiff's claims did not accrue until eight months after her last payment was made).

Here, it is not evident from the face of Genesis's Petition that its account stated claim is time-barred. *See Taylor*, 744 F.3d at 946. Genesis alleges that BCBSTX made payments to Genesis for its services as recently as 2022. Doc. 1-2, Pet., ¶ 6.1(b). Reading the facts in the light most favorable to Genesis, the Court could find that the claim accrued in 2022, which would mean Genesis's account stated claim is timely. BCBSTX did not conclusively establish that Genesis's account stated claim is time-barred. *See Petrobras Am., Inc.*, 9 F.4th at 255–56.

        *iii.*        *Genesis's breach of contract claim is not time-barred*

BCBSTX also did not establish that Genesis's breach of contract claim is time-barred, because it is unclear when Genesis submitted its claims for payment. "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citation omitted). Genesis alleges that it was injured when BCBSTX failed to pay for services "pursuant to [BCBSTX's] agreements with its members/subscribers." Doc. 1-2, Pet., ¶ 5.6. Under the parties' contracts, Genesis was "entitled to have its claims for services rendered to [BCBSTX's] . . . members processed and paid promptly," but BCBSTX "failed to comply with that payment obligation, and it further failed to provide written notice of the denials of [Genesis's] claims." *Id.* ¶ 6.2(d). Genesis thus concedes that BCBSTX breached the contract when it failed to promptly pay Genesis's claims for services provided from 2016 through October 2017. *See id.*; *see also Smith Int'l, Inc*, 490 F.3d at 387.

Yet Genesis alleges that its claim did not accrue until BCBSTX provided written notice that it was denying Genesis's claims, which occurred during a 2023 arbitration. Doc. 1-2, Pet., ¶ 4.5. This argument fails. The Texas Insurance Code requires insurers to acknowledge receipt of a claim, commence any investigation of a claim, and request additional information needed within 15 days

of receiving a claim. TEX. INS. CODE § 542.055. The insurer must then accept or reject the claim within 45 days of receiving all the information it needs to process the claim. *Id.* at §§ 542.055–542.056. Thus, "[i]f Genesis submitted claims to [BCBSTX] and it did not pay or failed to provide notice of a written denial, Genesis would have been on notice of this fact sixty days after it submitted their claims." *See Abira Med. Lab'ys, LLC*, 2024 WL 5036666, at *3.[1]

Thus, claims submitted more than 60 days before June 28, 2020, are likely time-barred.[2] But, although Genesis alleges that it "timely" submitted the claims, it does not say exactly when the claims were submitted. Doc. 1-2, Pet., ¶ 5.4. Thus, the Court cannot determine at this stage whether it is "evident from [Genesis's] pleadings that the action is time-barred." *See Glover v. Raytheon Co.*, No. 3:13-CV-2738-L, 2013 WL 5744361, at *3 (N.D. Tex. Oct. 23, 2013) (Lindsay, J.); *see also Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990) ("When, [like in] this case, there is no outright denial of a claim, the exact date of accrual of a cause of action becomes more difficult to ascertain and should be a question of fact to be determined on a case-by-case basis.").

BCBSTX argues that the Court can take judicial notice that Genesis argued in a prior action that BCBSTX failed to pay claims or underpaid claims "for reasons that were (and remain) entirely groundless, frivolous, and which amounted to nothing more than an administrative run-around."

---

[1] Genesis's cause of action could have accrued longer than 60 days after it submitted its claims, because BCBSTX could have requested more information within 30 days of receiving Genesis's claim, and then it would have had up to 45 days to decide on the claim only after receiving all necessary information. *See* TEX. INS. CODE § 542.055–542.056

[2] Genesis alleges that Texas Supreme Court's Covid-19-related Eighth, Twelfth, Seventeenth, Eighteenth, and Twenty-First Emergency Orders added six months to all statutes of limitations because they tolled limitations in civil cases from March 13, 2020, through September 15, 2020. Doc. 1-2, Pet., ¶ 4.4. But the Emergency Orders only extended the filing deadlines that fell *within* the extension period. *See Curry v. Valentin*, No. 22-20450, 2023 WL 1267253, at *2 (5th Cir. Jan. 31, 2023) (quoting the Emergency Orders). Genesis does not allege that the four-year statute of limitations fell between March 13, 2020 and September 15, 2020. But if the filing deadline did fall within that range, then a six-month extension would have extended the limitations period to April 15, 2021 at the latest.

Doc. 10, Def.'s Br. Mot. Dismiss, 14 (quotations omitted). But there, too, Genesis did not allege when BCBSTX provided the reasons for denial, or when Genesis made these claims. Thus, it would be premature at this stage to find that the statute of limitations has run because BCBSTX did not meet its burden.

### 4. The Court Grants Leave to Amend Genesis's Contract and Account Stated Claims.

Finally, the Court grants Genesis leave to amend its breach of contract and account stated claims. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Genesis may amend its Complaint with respect to its breach of contract and account stated claims. Leave to amend would not be futile because Genesis could, with more facts, support a

plausible claim for breach of contract and account stated. *See id.*

But the Court does not grant Genesis leave to amend its quantum meruit claim. Because the statute of limitations has expired on that claim, it would be futile for Genesis to amend. *See Newby v. Enron Corp.*, 542 F.3d 463, 469 (5th Cir. 2008) ("[A] court need not grant leave to amend when the filing would be futile because the proposed claims are time-barred.").

## IV.

## CONCLUSION

For the foregoing reasons, BCBSTX's Motion to Transfer (Doc. 7) is **DENIED** and its Motion to Dismiss (Doc. 10) is **GRANTED**. Genesis's quantum meruit claim is **DISMISSED WITH PREJUDICE**. Its claims for breach of contract and account stated are **DISMISSED WITHOUT PREJUDICE**. Should Genesis elect to file an amended complaint, it must do so on or before **Wednesday, April 2, 2025.**

SO ORDERED.

SIGNED: March 12, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE