UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES LLC d/b/a GENESIS DIAGNOSTICS, § § § | | |
| Plaintiff, § § | | |
| v. § | CIVIL ACTION NO. 3:24-CV-2001-B | |
| § | | |
| BLUE CROSS BLUE SHIELD OF TEXAS, a division of HEALTH CARE SERVICE CORPORATION, § § § § | | |
| Defendant. § | | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation ("BCBSTX")'s Motion to Dismiss (Doc. 41). For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss. Plaintiff Abira Medical Laboratories LLC d/b/a/ Genesis Diagnostics ("Genesis")'s ERISA and breach of contract claims are **DISMISSED WITHOUT PREJUDICE**. Genesis's account stated claim is **DISMISSED WITH PREJUDICE**.

I.

BACKGROUND

This is an insurance reimbursement dispute over more than $7.1 million. Genesis provides medical laboratory testing services for patients and medical service providers. Doc. 38, Am. Compl., 3-4. Genesis typically bills its services to patients or their health insurers. *Id.* at 4. BCBSTX is a health insurer. *Id.*

To obtain laboratory testing services for their patients, medical service providers sent Genesis

requisitions. *Id.* at 5. Each requisition contained one of the below provisions executed by the patient (the "requisition excerpts"), which Genesis labels "assignments of benefits":

- I request that any third party payer benefits be paid on my behalf to Genesis Diagnostics or its assigned affiliates for services furnished to me by Genesis Diagnostics. I authorize Genesis Diagnostics or its assigned affiliates to release to its agents and/or other third party payer any information needed to determine these benefits payable for related services.
- I hereby authorize my insurance benefits to be paid directly to Genesis for services I received.
- By signing this authorization, I am acknowledging that payment(s) may be made on my behalf to Genesis Diagnostics for any services provided to me by Genesis Diagnostics. I also allow the release of any medical information necessary to process the claim.

*Id.* at 5-6.

Between January 2016 and October 2017, Genesis provided out-of-network laboratory testing to patients who were BCBSTX's member-insureds ("members"). *Id.* at 4-5. According to Genesis, the assignments of benefits language in the requisition excerpts obligated BCBSTX to pay Genesis for the services it performed. Therefore, after Genesis provided services for BCBSTX's members, Genesis timely submitted claims for payment to BCBSTX. Genesis alleges BCBSTX did not pay for those services. *Id.* at 4-5, 7.

In September 2022, Genesis initiated an arbitration proceeding against BCBSTX contesting non-payment of both in- and out-of-network claims. In 2023, Genesis's out-of-network claims were severed from the arbitration proceeding. Genesis then filed a separate lawsuit. Genesis sued BCBSTX in Dallas County state court bringing claims for account stated, breach of contract, and quantum meruit. *See* Doc. 1-2, Pet., ¶¶ 6.1–6.3. BCBSTX removed the case to this Court. *See generally* Doc. 1, Notice Removal. BCBSTX moved to dismiss Genesis's complaint. *See generally* Doc. 10, Mot. Dismiss. The Court granted BCBSTX's Motion to Dismiss and dismissed Genesis's quantum meruit

claim with prejudice and dismissed its breach of contract and account stated claims without prejudice. Doc. 37, Mem. Op. & Order, 17. Additionally, the Court granted Genesis leave to file an amended complaint. *Id.* at 16-17. Genesis timely filed its Amended Complaint for ERISA, breach of contract, and account stated claims against BCBSTX. *See generally* Doc. 38, Am. Compl. BCBSTX then filed its Motion to Dismiss Genesis's Amended Complaint, or Alternatively, Motion for a More Definite Statement. *See generally* Doc. 41, Mot. Genesis has filed a response (Doc. 43), and BCBSTX has filed a reply (Doc. 47). The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A. *Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(1)*

"Federal courts are courts of limited jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citation omitted). For that reason, they can adjudicate claims only when subject matter jurisdiction "is expressly conferred by the Constitution and federal statute." *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (citations omitted). "Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge federal subject matter jurisdiction. *Id.* "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie v. Castro*, No. 3:15-CV-0752-D, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (Fitzwater, J.) (citation omitted). Relevant to this Motion, a facial challenge to subject matter jurisdiction occurs "[w]hen a

party files a Rule 12(b)(1) motion without including evidence." *Id.* Under a facial challenge, a court determines if the complaint alleges sufficient jurisdictional allegations. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

B. *Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) allows a defendant to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, to survive a motion to dismiss brought under Rule 12(b)(6), plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). But because courts are not bound to accept legal conclusions as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III.
### ANALYSIS

BCBSTX's Motion to Dismiss is **GRANTED**. Genesis's ERISA and breach of contract claims are **DISMISSED WITHOUT PREJUDICE,** and its account stated claim is **DISMISSED WITH PREJUDICE**.

A.     *BCBSTX's Motion to Dismiss the ERISA Claim Under Rule 12(b)(1) is Granted*

Because Genesis does not sufficiently allege it obtained the assignments necessary to establish standing, the Court dismisses the ERISA claim without prejudice for lack of standing.

In its Motion to Dismiss, BCBSTX argues that Genesis failed to sufficiently allege it has standing to bring an ERISA claim because the requisition excerpts it relies upon only contain an authorization for direct payment, not an assignment. Doc. 42, Def.'s Br., 4-5, 13. This is a facial challenge to subject matter jurisdiction. *See MacKenzie*, 2016 WL 3906084, at *2. Therefore, the Court reviews the sufficiency of the jurisdictional allegations in Genesis' amended complaint. *See Paterson*, 644 F.2d at 523.

According to the Fifth Circuit, "standing to bring an action founded on ERISA is a 'jurisdictional' matter," *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006), and "is subject to challenge through Rule 12(b)(1)," *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). A healthcare provider "may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Ft. Wor. v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005) (citation omitted). For a third-party to obtain standing to assert an ERISA claim, the right to assert the claim "must be expressly assigned to the third-party." *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 774 (S.D. Tex. 2014). "An assignment is a manifestation to another person by the owner of a right indicating his intention to transfer, without further action or manifestation of intention, his right to such other person or third person." *Harris Methodist*, 426 F.3d at 334 (quotation marks and citation omitted). "The Fifth Circuit appears to favor granting derivative standing to health care providers." *Columbia Med. Ctr. of Arlington Subsidiary, L.P. v. Highmark Inc.*, No. 4:24-CV-00080-O, 2024 WL 4229307, at *4 (N.D. Tex.

Sept. 18, 2024) (O'Connor, J.) (citing *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 889 (5th Cir. 2003)).

To support its argument that Genesis' Amended Complaint does not sufficiently allege assignment, BCBSTX points to a Fifth Circuit case distinguishing an assignment of benefits from a direct payment authorization. *Id.* at 5 (citing *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 254 (5th Cir. 2019)). According to the Fifth Circuit, "[a] direct-payment authorization" merely "tells the administrator to forward the checks owed to [the beneficiary] on to the provider instead[,]" while "[a]n assignment means that the provider has stepped into the metaphorical shoes of the beneficiary and is capable of exercising all the legal rights enjoyed by the beneficiary under the plan, to include suing the plan and/or its administrator over disputes that might arise in the plan's interpretation." *Dialysis Newco*, 938 F.3d at 254.

In response, Genesis asserts it has standing to bring the ERISA claim because it "pleaded that Defendant's insureds assigned the rights to benefits and to recover the same and also [pleaded] the language of those assignments." Doc. 44, Pl.'s Resp. Br., 11, 22. The referenced "language of those assignments" is the requisition excerpts provided in the Amended Complaint. *See* Doc. 38, Am. Compl., 5-6.

The Court agrees with BCBSTX that the requisition excerpts do not contain an assignment. For starters, the word "assign" is absent. Moreover, the requisition excerpts contain no manifestation of an intent to vest in Genesis the right to enforce the members' insurance plans against BCBSTX. *See Encompass Off. Sols., Inc. v. Conn. Gen. Life Ins. Co.*, No. 3:11-CV-02487-L, 2017 WL 3268034, at *8 (N.D. Tex. July 31, 2017) (Lindsay, J.) ("To effect a valid assignment, an insured must do more than authorize the insurer to pay directly to another benefits owed under an insurance policy . . . .

The insured must manifest an intent to grant or vest in another the 'right, title or interest in the benefits payable under the policy,' . . . without the need for any further action." (citations omitted)); *Lone Star 24 Hr ER Facility, LLC v. Blue Cross & Blue Shield of Tex.*, No. SA-22-CV-01090-JKP, 2023 WL 5729947, at *4 (W.D. Tex. Sept. 5, 2023) ("To withstand a standing challenge, this healthcare provider must simply allege it required all patients to execute an assignment of benefits prior to receiving healthcare services, *and it had the right to enforce the terms of the subject insurance plans* and recover the benefits due under the plans." (emphasis added)) (collecting cases). Instead, the requisition excerpts merely authorize Genesis to receive payment and, in some instances, release the members' medical information. Lastly, conclusory allegations and labeling the requisition excerpts "assignments of benefits" in the Amended Complaint cannot turn a direct payment authorization into an assignment after the fact. *See Centerboard Sec., LLC v. Benefuel, Inc.*, No. 3:15-CV-2611-G, 2017 WL 273881, at *10 (N.D. Tex. Jan. 20, 2017) (Fish, S.J.) ("The court cannot ignore the plain language of the agreement and cannot add words that do not appear on the face of the agreement.") (citations omitted), *aff'd*, 730 F. App'x 179 (5th Cir. 2018).

Therefore, because Genesis failed to sufficiently allege it has standing through assignments obtained from BCBSTX's members, its ERISA claim is dismissed without prejudice.

B.  *BCBSTX's Motion to Dismiss Under Rule 12(b)(6) is Granted*

Because Genesis fails to plead sufficient facts to state a breach of contract claim or an account stated claim that is plausible on its face, the Court grants BCBSTX's Motion to Dismiss.

1.  Genesis Fails to State a Valid Breach of Contract Claim

Genesis fails to state a breach of contract claim because it has not pleaded sufficient facts to show that the BCBSTX members assigned to Genesis their contractual right to sue. Traditionally,

"[u]nder Texas law, 'a person who is neither a signatory to nor an intended third-party beneficiary of a contract has no [contractual] standing to sue for breach of that contract.'" *Seastrunk v. Darwell Integrated Tech., Inc.*, No. CIV.A.3:05CV0531-G, 2005 WL 1667811, at *4 (N.D. Tex. July 15, 2005) (Fish, C.J.) (quoting *Miller v. Schwartz*, No. 14-04-00352-CV, 2005 WL 757249, at *2 (Tex. App.-Houston [14th Dist.] Apr. 5, 2005)).[1] Healthcare providers are not "ipso facto third-party beneficiaries of their patient's health insurance contracts with standing to enforce such contracts." *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x. 731, 740 (5th Cir. 2015) (emphasis and citations omitted). Alternatively, a healthcare provider could attain a "separate legal basis . . . to sue under its patients' insurance policies" if it can show that those patients assigned their right to sue under those policies. *See id.* (citation omitted). "Under Texas law, 'an assignment is the act by which one person causes to vest in another his right or property, or an interest therein.'" *Encompass Off. Sols.*, 2017 WL 3268034, at *8 (citation omitted). "To effect a valid assignment, an insured must do more than authorize the insurer to pay directly to another benefits owed under an insurance policy." *Id.* (citation omitted).

Genesis fails to state its breach of contract claim for non-ERISA policies for the same reason it failed to sufficiently allege it has standing to bring its ERISA claim: the requisition excerpts it relies upon do not contain an assignment, as explained above in Section III.A. Without an assignment, Genesis does not have a contractual right to sue BCBSTX for breach of the members' insurance

---

[1] While it is often referred to as "contractual standing," whether a third party can sue under a contract is properly construed as an inquiry on the merits, and dismissal, if appropriate, would be granted under Rule 12(b)(6). *See 1901 Gateway Holdings, LLC v. CentiMark Corp.*, No. 3:21-CV-2607-BN, 2023 WL 5807012, at *1 (N.D. Tex. Sept. 7, 2023) (Horan, Mag. J.) ("[W]here a defendant's standing argument is based . . . on an argument that a plaintiff does not have a contractual right to bring [a] suit[,] . . . such questions do not go to the court's subject matter jurisdiction, but are instead part of the inquiry into the merits of a particular claim.") (quoting *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350-51 (5th Cir. 2021)) (citation modified).

policies. See *Encompass Off. Sols.*, 2017 WL 3268034, at *7. Therefore, the Court dismisses Genesis's breach of contract claim without prejudice for failure to state a claim.

2. <u>Genesis failed to state a claim for account stated</u>

Genesis also fails to state a plausible claim for account stated. To state a claim for account stated, Genesis must allege: (1) its transactions with BCBSTX "gave rise to the indebtedness; (2) an agreement, express or implied, between [BCBSTX] and [Genesis] that fixed the amount due; and (3) [BCBSTX] made an express or implied promise to pay the indebtedness." *Walker v. Citibank, N.A.*, 458 S.W.3d 689, 692 (Tex. App.–Eastland 2015, no pet.) (citations omitted). Focusing on the third requirement, the complaint must allege that BCBSTX agreed to a fixed amount due. *See Paine v. Moore*, 464 S.W.2d 477, 480 (Tex. App.–Tyler 1971, no writ) ("An account stated requires an absolute acknowledgment or admission of a sum certain by the debtor to the creditor.") (citations omitted).

The Court dismissed Genesis's prior account stated claim for failing to allege any agreement between the parties fixing the amount due. Doc. 37, Mem. Op. & Order, 10. Genesis claims it has remedied that deficiency by attaching Exhibit 1 to its Amended Complaint. *See* Doc. 44, Pl.'s Resp. Br., 20. Exhibit 1 is a spreadsheet that displays the amount Genesis billed BCBSTX for a claim, and the payment, if any, Genesis received from BCBSTX. Doc. 38, Am. Compl., 6; *see generally* Doc. 38-1, Ex. 1.

The Court finds the same deficiency exists in the Amended Complaint. Again, Genesis fails to sufficiently allege an express or implied agreement between it and BCBSTX that fixed the amount due. Indeed, Exhibit 1 only reflects the amount Genesis charged BCBSTX for a given claim, not that BCBSTX agreed to pay that amount. *See generally* Doc. 38-1, Ex. 1. In fact, "that [BCBSTX]

partially paid some claims . . . suggests it refused to pay others, not that it agreed to do so." *See Abira Med. Lab'ys, LLC v. WellMed Med. Mgmt., Inc.*, No. SA-24-CV-00578-XR, 2024 WL 4756909, at *6 (W.D. Tex. Nov. 12, 2024). Because Genesis has failed to add any new allegations showing an agreement between the parties fixing the amount due, its account stated claim fails and is dismissed with prejudice.

C.  *The Court Grants Leave to Amend Genesis's ERISA and Breach of Contract Claims*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). District courts give plaintiffs leave to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

When deciding whether to grant leave to amend, district courts consider the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citations and emphasis omitted). Granting leave to amend a complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (collecting cases).

Genesis may amend its complaint with respect to its ERISA and breach of contract claims. Leave to amend would not be futile because Genesis could potentially, with more facts, cure

deficiencies in its ERISA and breach of contract claims. But the Court does not grant Genesis leave to amend its accounts stated claim because its Amended Complaint failed to allege any facts to overcome the deficiencies identified in the Court's order dismissing the original accounts stated claim.

## IV.

## CONCLUSION

For the foregoing reasons, BCBSTX's Motion to Dismiss (Doc. 41) is **GRANTED**. Genesis's ERISA and Breach of Contract claims are **DISMISSED WITHOUT PREJUDICE**. Its account stated claim is **DISMISSED WITH PREJUDICE**. Should Genesis elect to file an amended complaint, it must do so on or before **March 2, 2026**.

**SO ORDERED.**

**SIGNED: January 30, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE